AO 91 (Rev. 08/09)  Criminal Complaint


FILED

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

SEP 30 2021

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| United States of America<br>v.<br>Juan Lopez Gallardo, Jairo David Posadas,<br>Josedad Delacruz, Serguin Castro-Carias,<br>Nolvia R. Carillo, and James Carroll Hickman,<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 3:21-MJ-1130<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 30, 2020 - September 28, 2021__ in the county of __Sevier and elsewhere__ in the __Eastern__ District of __Tennessee__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841 and 846 | Possession with the Intent to Distrbute Cocaine; and Conspiracy to Distribute Cocaine. |

This criminal complaint is based on these facts:
See the Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

SA Brandon Ogden, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/29/2021

_____
Judge's signature

City and state: __Knoxville, Tennessee__   DEBRA C. POPLIN, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

3:21-MJ-1130

I, Brandon Ogden, a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), being duly sworn, depose and state that:

## Introduction

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since 2020. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516(1). I currently work in the Knoxville Field Office of the FBI and am assigned to the Appalachia HIDTA drug task force. During my time with the FBI, I have participated in the investigations of persons suspected of various violations of state and federal law. Those state and federal investigations utilized seizure warrants, search warrants, and arrest warrants. I am familiar with the way criminals sell and deliver scheduled controlled substances, drug trafficking and possess firearms to further drug trafficking. I have received investigative training in drug trafficking, as well as criminal gangs and enterprises. I have participated in numerous arrests of known violent criminals and drug distributors. I am knowledgeable about the trends, practices, and indications of drug trafficking and gang activity and of those engaging in said criminal violations. Prior to joining the FBI, I served in the United States Marine Corps for five years. Following my active duty status, I worked as a Mechanical Engineer. During that time, I participated in various Department of Defense programs, developing requirements and solving complex engineering problems.

2. In addition, I have received training and have experience in the investigation of violations of the federal drug and money-laundering laws. As a result, I am familiar with matters including

the means and methods used by persons and drug trafficking organizations ("DTOs") to purchase, transport, store, and distribute drugs, and to hide profits generated from those transactions. I also have experience in analyzing and interpreting drug codes and cryptic dialogue used by drug traffickers. In addition, I am also aware that it is common for members of DTOs to possess firearms in furtherance of their drug trafficking activities. In addition, it is also common to use electronic devices such as computers, cellular telephones, and other electronic means to communicate and store information relating to the DTO and the trafficking of drugs.

3. I am submitting this affidavit for the limited purpose of establishing probable cause for a criminal complaint against **JUAN LOPEZ GALLARDO ("LOPEZ"), JAIRO DAVID POSADAS, a/k/a Alex Martinez ("MARTINEZ"), JOSEDAD DELACRUZ a/k/a Mateo ("MATEO"), SERGUIN CASTRO-CARIAS a/k/a Jose ("JOSE"), NOLVIA R. CARILLO ("NOLVIA"), and JAMES CARROLL HICKMAN ("HICKMAN"),** for possession with the intent to distribute cocaine and conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 841 and 846. The facts in this affidavit are based upon my personal knowledge, as well as knowledge, information, and documentation that I obtained from other law enforcement officers.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include every fact known to me or to other law enforcement officers regarding this matter.

## Probable Cause

5. In the spring of 2020, law enforcement in the Eastern District of Tennessee began to investigate a drug trafficking organization ("DTO"), that was distributing cocaine in Sevier County, Tennessee and elsewhere. Using confidential sources, law enforcement was able to make

2

controlled buys from members of the DTO. As referenced below, each controlled buy was video and/or audio recorded. The transactions were also surveilled by law enforcement. Based on law enforcement's training and experience, the price paid, and the context within the investigation, law enforcement believes that the white powdery substance purchased in each instance was cocaine.

6. On or about April 30, 2020, law enforcement conducted a controlled purchase of approximately 2 grams of cocaine from MARTINEZ in the Eastern District of Tennessee.

7. On or about May 12, 2020, law enforcement conducted a controlled purchase of approximately 2 grams of cocaine from MARTINEZ in the Eastern District of Tennessee.

8. On or about June 8, 2020, law enforcement conducted a controlled purchase of approximately 2 grams of cocaine from MARTINEZ in the Eastern District of Tennessee.

9. On or about July 9, 2020, a confidential source called LOPEZ to purchase cocaine. Toll records confirmed that the confidential source called LOPEZ as stated. Prior to the deal, LOPEZ was recorded speaking with the confidential source on the telephone and telling the confidential source where to go to complete the deal. When the confidential source arrived at the prearranged location for the deal, MARTINEZ and JOSE arrived and delivered approximately 8 grams of cocaine to the confidential source. After the deal, MARTINEZ was surveilled by law enforcement driving to meet LOPEZ. When MARTINEZ arrived at LOPEZ's location, law enforcement observed MARTINEZ hand something to LOPEZ. LOPEZ was then followed by law enforcement back to a mobile home located at 3023 Bryan Road, Lot 26, Kodak, Tennessee ("LOPEZ RESIDENCE.")

10. On or about July 22, 2020, law enforcement conducted a controlled purchase of approximately 2 grams of cocaine from MARTINEZ in the Eastern District of Tennessee. MARTINEZ was driving a vehicle that was registered to LOPEZ.

11.    On or about August 18, 2020, NOLVIA was pulled over by local law enforcement in the Eastern District of Tennessee. In her vehicle, law enforcement found approximately 3 grams of cocaine along with more than $1,900 in cash. NOLVIA agreed to speak with law enforcement. NOLVIA admitted that she was working with others to purchase kilogram quantities of cocaine from a source of supply in Texas. NOLVIA stated that she paid approximately $38,000 per kilogram of cocaine. A search of NOLVIA's phone revealed a picture of what appeared to be a kilogram of cocaine, and messages that confirmed that NOLVIA had negotiated the purchase of kilogram quantities of cocaine. The geo-location information attached to the photograph of cocaine demonstrated that the photograph was taken inside the LOPEZ RESIDENCE.

12.    On or about September 25, 2020, law enforcement conducted a controlled purchase of approximately 3.5 grams of cocaine from MATEO in the Eastern District of Tennessee.

13.    On or about September 30, 2020, law enforcement conducted a controlled purchase of approximately 1 gram of cocaine from MATEO in the Eastern District of Tennessee.

14.    On or about December 7, 2020, law enforcement conducted a controlled purchase of approximately 3.5 grams of cocaine from MARTINEZ in the Eastern District of Tennessee.

15.    On or about December 16, 2020, law enforcement conducted a controlled purchase of approximately 4.2 grams of cocaine from JOSE in the Eastern District of Tennessee.

16.    On or about December 17, 2020, law enforcement conducted a controlled purchase of approximately 1 ounce of cocaine from JOSE in the Eastern District of Tennessee.

17.    Pursuant to a federally authorized wiretap on a cellular phone used by LOPEZ, on or about December 12, 2020, law enforcement intercepted LOPEZ instructing MARTINEZ to deliver cocaine to an unknown male. Law enforcement surveilled MARTINEZ and watched him meet with HICKMAN. Following this meeting, law enforcement conducted a traffic stop on

HICKMAN. Inside HICKMAN's vehicle, law enforcement found approximately 4 grams of cocaine, along with other types of drugs. HICKMAN agreed to speak with law enforcement and admitted that he had frequently purchased cocaine from LOPEZ.

18. On or about January 9, 2021, MARTINEZ was interviewed by law enforcement. MARTINEZ admitted that he worked for LOPEZ, and that LOPEZ provided MARTINEZ with approximately 30 ounces of cocaine each week to sell on LOPEZ's behalf. Law enforcement searched MARTINEZ's phone, which contained text message conversations with a phone number used by MATEO. Those conversations included a discussion about the sale of cocaine. MARTINEZ told law enforcement that MATEO also worked with LOPEZ to distribute cocaine.

19. On or about January 15th, 2021, law enforcement conducted a controlled purchase of approximately 2 grams of cocaine from JOSE in the Eastern District of Tennessee.

20. On or about April 5, 2021, law enforcement conducted a controlled purchase of approximately 1 ounce of cocaine that was ordered from LOPEZ but delivered by JOSE in the Eastern District of Tennessee.

21. On or about April 14, 2021, law enforcement conducted a controlled purchase of approximately 1 ounce of cocaine from LOPEZ in the Eastern District of Tennessee. NOLVIA was present in the vehicle with LOPEZ when LOPEZ delivered the cocaine.

22. On or about April 21, 2021, law enforcement conducted a controlled purchase of approximately 4 grams of cocaine from MATEO in the Eastern District of Tennessee.

23. On or about May 15, 2021, law enforcement conducted a controlled purchase of approximately 1 ounce of cocaine from NOLVIA. The confidential source negotiated the purchase of the cocaine in phone calls with LOPEZ, who directed the confidential source to enter a trailer

and meet with "his girl." NOLVIA was inside the trailer and handed the cocaine to the confidential source.

24. Therefore, based on all of the foregoing, I submit that there is probable cause to believe that the above defendants did possess with the intent to distribute cocaine, and conspire to distribute cocaine, in violation of Title 21, United States Code, Sections 841 and 846.

FURTHER AFFIANT SAYETH NAUGHT.

Brandon Ogden
SA, FBI

Subscribed and sworn to before me on this 29th day of September, 2021.

DEBRA C. POPLIN
UNITED STATES MAGISTRATE JUDGE

6